## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES, ) ) ) ) | |
| Plaintiff, ) ) | No. 15-1549C |
| v. ) ) | Chief Judge Patricia E. Campbell-Smith |
| UNITED STATES OF AMERICA, ) ) ) | |
| Defendant. ) ) | |

### THIRD PARTY THE JACKSON LABORATORY'S
### MOTION FOR LEAVE TO FILE A PLEADING PURSUANT TO RCFC 14(c)

Pursuant to RCFC 14(c), third party The Jackson Laboratory ("Jackson") hereby moves for leave to join this litigation and file a pleading setting forth its interest in the case. Jackson has already been noticed pursuant to RCFC 14(b), (Dkt. 11), has already participated in an initial scheduling conference, (Dkt. 18), and has a continuing and substantial interest in the case, (*see, e.g*. Dkt. 8) (USF Motion for Notice).  While the 42-day window set forth in Rule 14 has lapsed, no party will be prejudiced by Jackson's delay in entering the case.

The United States does not oppose this Motion.

### BACKGROUND

Jackson is a non-profit biomedical laboratory dedicated to discovering precise genomic solutions for diseases.  Of particular interest to this case, Jackson maintains and distributes certain strains of transgenic mutant mice to qualified researchers throughout the United States and other countries to facilitate research on critical diseases, such as Alzheimer's disease.

On December 18, 2015, plaintiff University of South Florida, Board of Trustees ("USF") filed suit in this Court alleging that the United States was liable, pursuant to 28 U.S.C. § 1498, for Jackson's maintenance and distribution of certain allegedly infringing mutant mouse strains. Dkt. 1.  According to USF, Jackson's mice infringed USF's patent, NIH funded the mice, and therefore the government was liable for Jackson's infringing activities.  On December 22, 2015, USF also sued Jackson in the Middle District of Florida, alleging that Jackson is liable for any sales of the allegedly infringing mice that fell outside the scope of the government's § 1498 "authorization and consent."  *See University of South Fla., Bd. of Trustees v. The Jackson Laboratory*, No. 8:15-cv-2916 (M.D. Fla.), at Dkt. 1.

On April 18, 2016, USF filed a motion with this Court seeking leave to notify Jackson pursuant to RCFC 14(b) on the ground that "Jackson has an interest in the outcome of this litigation."  (Dkt. 8.)  On April 19, 2016, this Court granted USF's Motion.  (Dkt. 9) ("Jackson Laboratory has an interest in this matter.").  The Notice was served on Jackson via certified mail on May 4, 2016.

On May 5, 2016, the United States District Court for the Middle District of Florida stayed the action there, "pending a determination by the U.S. Court of Federal Claims in the case styled as *University of South Florida, Board of Trustees v. United States*, No. 15-1549 (filed Dec. 18, 2015) ('CFC Case'), as to which of Jackson's allegedly infringing activities fall within the scope of the Government's 'authorization and consent.'"  Exhibit 1 (M.D. Fla. Order)

In an effort to conserve its limited resources – since money spent on litigation detracts from Jackson's research efforts to cure cancer and other diseases – Jackson initially declined to appear in this case.  Jackson hoped the matter would settle.

The matter did not settle. Indeed, it has recently expanded. On March 21, 2017 USF served infringement contentions that – for the first time – identified more than a dozen new strains of mice, beyond the strains identified in the Complaint. The contentions also accuse embryonic stem cells, not just live mice (as had been previously identified). None of these strains had been identified in the Florida action.

## ARGUMENT

**I.   JACKSON HAS A SUBSTANTIAL INTEREST IN THIS MATTER**

Under RCFC 14(b), any third party with an "interest" in the litigation may participate. *Bird v. United States*, 51 Fed. Cl. 536, 542 (2002) (Rule 14 offers a third party with potential pecuniary interest in the case the "opportunity to participate to whatever extent it wishes"). This Court has generally construed the "interest" requirement contained in Rule 14(b) "broadly, stating that 'an apparent interest is sufficient for notice to issue [e]ven in those situations where an alleged third party interest in the suit is uncertain.'" *3rd Eye Surveillance, LLC v. United States*, 126 Fed. Cl. 266, 273 (2016) (internal quotations omitted). "The 'interest' at issue generally involves a pecuniary interest, whether a 'direct pecuniary interest' or a 'potential pecuniary interest.'" *Id.* at 274.

Here, it is Jackson's mice, Jackson's sales, and Jackson's activities, that have been accused. Jackson made the mice. Jackson sold the mice. Jackson generated most or all of the relevant records. The government's liability, if any, is derivative of Jackson's activities. Jackson's rights in any subsequent litigation will also be at issue in this case, since this Court will be ruling on the scope of § 1498.

> Plaintiff USF has already admitted that Jackson has a strong interest in this case:
>
> Jackson has an interest in the outcome of this litigation. Proceedings in this Court will determine the scope of Jackson's defense under § 1498 as well as the

3

> scope of the government's liability. If Jackson is not given the opportunity to participate in this case, the scope of its defense will be determined here without Jackson's participation. That gives Jackson a strong interest in participating in this case. Moreover, if Jackson does not participate here, the parties could face inconsistent determinations of the liability of the government and Jackson, respectively, for Jackson's production and sale of the '094 mice.

Dkt. 8 at ¶ 6. As USF has admitted, if Jackson is not given the opportunity to participate in this case, the scope of its defense will be determined without Jackson's participation.

This Court, likewise, has already found that Jackson has an interest:

> This court agrees with the reasoning of the *3rd Eye Surveillance* court as to the standard for an alleged interest under Rule 14(b). Based on the filings to date in this matter, and defendant's Statement of Interest in the Middle District of Florida action, the court finds that The Jackson Laboratory has an interest in this matter.

Dkt. 9 at 3.

Jackson's interest in the case has recently become more pressing. In infringement contentions served a few days ago, USF added new mouse strains and new mouse types to the case, potentially expanding the scope of Jackson's and/or the government's alleged liability. The new contentions raise new and different infringement issues that were not present when Jackson originally received notice of the litigation. The new allegations could affect the government's willingness to deem the activities "authorized and consented to." They raise new validity defenses that Jackson is uniquely positioned to address. They may also affect the parties' willingness to settle, since USF is apparently asserting a new (and baseless) damages theory. In short, these recent developments have changed Jackson's calculus, making it necessary for Jackson to formally participate in order to protect its interests.

Jackson therefore moves for leave to participate under Rule 14 in order to protect its pecuniary interest. This case will likely determine the scope of the government's grant of "authorization and consent" pursuant to 28 U.S.C. § 1498. If this Court determines that the

4

"authorization and consent" extends to less than all of Jackson's sales of accused mutant mice, Jackson will be required to defend against USF's concurrent lawsuit in the Middle District of Florida to the extent of that uncovered liability. Any determination made in this Court with respect to the scope of the government's §1498 liability could, as a practical matter, impair or estop Jackson in the Middle District of Florida.

Jackson should therefore be permitted to participate pursuant to RCFC 14 to protect its interests and guard against the potential for duplicative or inconsistent determinations of its liability.

## II.     JACKSON'S DELAY IN RESPONDING HAS CAUSED NO PREJUDICE

Although the 42 days provided in RCFC 14(c) has expired, the case has not progressed to such an extent that Jackson's appearance will cause the parties any prejudice or delay. USF and the United States have engaged in limited discovery. Upon information and belief, neither the United States nor USF propounded document requests. No depositions have been taken. Neither party has sought third-party discovery from Jackson. The parties recently sought a two-month extension to the schedule. Dkt. 27. The case has only recently become active.

Nor should Jackson's participation in the suit alter either of the existing parties' legal positions. USF's infringement claims have always turned on the scope and nature of Jackson's activities. Jackson's participation in the case will not change USF's legal claims. Likewise, the government's liability, if any, has always arisen from Jackson's activities. Jackson's participation in the case will not change the government's legal defenses (vis-à-vis USF at least).

Moreover, Jackson's appearance pursuant to Rule 14 will facilitate discovery that would otherwise need to be sought via third-party subpoena. Therefore, there is no harm or procedural

reason for not permitting Jackson to appear under Rule 14 after the expiration of the 42 days.

## CONCLUSION

WHEREFORE, for the reasons stated above, third party Jackson respectfully requests leave of the Court to file a pleading pursuant to RCFC 14(c) in substantially the form attached hereto as Exhibit 2 and thereby formally participate in the case.

March 27, 2017                     Respectfully submitted,

                                   THE JACKSON LABORATORY

                                   By its attorneys,


                                   */s/ James Roosevelt*
                                   James Roosevelt, Attorney of Record
                                   VERRILL DANA, LLP
                                   Boston, MA
                                   One Boston Place , Suite 1600
                                   Tel: (617) 274-2875
                                   jroosevelt@verrilldana.com


                                   OF COUNSEL:
                                   Timothy R. Shannon
                                   Taylor R. Neff
                                   VERRILL DANA, LLP
                                   One Portland Square
                                   Portland, ME 04112-0586
                                   Tel: (207) 774-4000
                                   tshannon@verrilldana.com

## CERTIFICATE OF SERVICE

I, James Roosevelt, hereby certify that on March 27, 2017, a true copy of the foregoing document was served via electronic mail upon the following counsel of record:

Steven B. Kelber, Esq.
The Kelber Law Group
1875 Eye Street, N.W., Fifth Floor
Washington, D.C. 20006
(240) 506-6702
steve@kelberlawgroup.com

*Counsel for Plaintiff University of South Florida, Board of Trustees*

Walter W. Brown, Esq.
U.S. Department of Justice
1100 L Street, N.W. Room 11128
Washington, DC 20005
Walter.brown2@usdoj.gov

*Counsel for Defendant United States of America*

 */s/ Timothy Shannon*
Timothy Shannon