# In the United States Court of Federal Claims

No. 15-1549C

(E-Filed:  February 11, 2021)[1]

_____

)
UNIVERSITY OF SOUTH FLORIDA,          )
BOARD OF TRUSTEES,                    )
                                      )
                      Plaintiff,      )
                                      )
v.                                    )
                                      )
THE UNITED STATES,                    )
                                      )
                      Defendant.      )
                                      )
_____

Motion for Reconsideration;
RCFC 59(a); Striking Expert
Report; Failure to Disclose
Material Information.

Steven B. Kelber, Bethesda, MD, for plaintiff.  Jerry Stouck, Rockville, MD, of counsel.

Walter W. Brown, Senior Litigation Counsel, with whom were Jeffrey Bossert Clark, Acting Assistant Attorney General, and Gary L. Hausken, Director, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Joshua I. Miller, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

On October 12, 2020, plaintiff filed a motion for reconsideration of the court's October 9, 2020 order striking the expert report of Dr. Ashley Stevens, ECF No. 168. See ECF No. 169.  Plaintiff argues that "the Court's Decision overlooks the central material fact that [plaintiff] did not submit the report of Ashley Stevens as an 'opening report' or to offer a new argument—[plaintiff] advanced the report because that is what [defendant's] Expert, [Jeffrey] Klenk, testified was the proper method to rebut his opinion." Id. at 1 (emphasis in original).  Defendant filed a response in opposition on

---

[1]      This opinion was issued under seal on January 28, 2021.  See ECF No. 175.  Pursuant to ¶ 2 of the ordering language, the parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged. No redactions were proposed by the parties.  See ECF 176 (notice).  Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

October 28, 2020, ECF No. 173, and plaintiff filed its reply on November 2, 2020, ECF No. 174.

The court has considered all of the arguments presented by the parties and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, plaintiff's motion for reconsideration of the court's order striking the expert report of Dr. Ashley Stevens, ECF No. 169, is **DENIED**.

I.    Background

A.    Procedural History

Since the court issued the discovery scheduling order in this case in January 2020, see ECF No. 144, the parties have brought three discovery disputes, including the current dispute, before the court. See ECF No. 146 (plaintiff's emergency motion to expedite a deposition); ECF No. 154 (plaintiff's motion to take the deposition of Mr. Klenk); ECF No. 161 (defendant's motion to strike Dr. Stevens' expert report and for leave to submit a sur-reply damages report). The court is deeply disappointed in the actions of counsel on both sides, in failing to cooperate and especially in failing to be fully candid with the court on these matters. As the court understands plaintiff's motion to reconsider, plaintiff insists that defendant's responsive expert, Mr. Klenk, testified that plaintiff should rebut his report with a new expert report—a stretch of Mr. Klenk's testimony at best. See ECF No. 169 at 1. And, plaintiff further asserts, defendant failed to inform the court that it noticed and took Dr. Stevens' deposition related to his disputed report a mere seventeen days after briefing concluded on defendant's own motion to strike Dr. Stevens' report. See id. at 2.

Of note, the parties' failures in their communications with the court are unacceptable. The court expects full candor from the parties going forward. Ethical duties and Rule 11 of the Rules of the United States Court of Federal Claims (RCFC) demand nothing less.

B.    History of Dr. Stevens' Expert Report

The court recited the history of plaintiff's expert report in its October 9, 2020, order striking the report. See ECF No. 168. In short, plaintiff, as the party with the burden to prove damages, was required to file its opening expert report on or before February 24, 2020, which plaintiff did by serving a report from Dr. E. Jonathan Soderstrom. See id. at 1-2. According to defendant, the report was unclear as to the type of damages analysis performed. See id. at 2. As a result, in his responsive report, defendant's expert Mr. Klenk, analyzed both types of damages defendant identified in Dr. Soderstrom's report. See id. Plaintiff then served its rebuttal expert report, which included new arguments and opinions from Dr. Soderstrom, as well as a new expert report from Dr. Stevens. See id.

Defendant moved to strike the report from Dr. Stevens and exclude his testimony at trial because the report constituted an opening report, did not address any part of defendant's expert's response, and was served well after the February 24, 2020 deadline to serve opening reports.  See ECF No. 161 at 10-13.  Plaintiff argued in response that Dr. Stevens' report was not a new report, but rather an exhibit to its damages expert's report, and it was entirely appropriate for its expert, Dr. Soderstrom, to have relied on Dr. Stevens' report in formulating his opinions.  See ECF No. 162 at 2-3.

The court agreed with defendant that Dr. Stevens' report was a new, opening expert report, finding that Dr. Stevens' report was not "cut and dried" to the point where Dr. Soderstrom could rely on that report without the need for Dr. Stevens' testimony. See ECF No. 168 at 2 (citing Dura Auto. Sys. of Indiana, Inc. v. CTS Corp., 285 F.3d 609, 614 (7th Cir. 2002)).  The court further found that permitting a new expert report— upon which plaintiff professes not to rely—to be filed at nearly the close of expert discovery could not be substantially justified.  The court, therefore, held that Dr. Stevens' report must be stricken from the record and excluded at trial.  See id. at 3 (citing RCFC 37(c)(1)).

Plaintiff then filed the motion for reconsideration now before the court.  See ECF No. 169.

II.    Legal Standards

Rule 59(a) governs a motion for reconsideration.  The rule provides that rehearing or reconsideration may be granted:  "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).  The United States Court of Appeals for the Federal Circuit has held that under this rule, the court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir.), cert. denied, 137 S. Ct. 389 (2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)).  "A motion for reconsideration must also be supported 'by a showing of extraordinary circumstances which justify relief.'"  Id. (quoting Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).

III.    Analysis

In its motion for reconsideration, plaintiff argues that the court "overlook[ed] the central material fact" that plaintiff submitted Dr. Stevens' report not as a new report or new argument, but rather "because that is what [defendant's] [e]xpert, [Mr.] Klenk,

3

testified was the proper method to rebut his opinion." ECF No. 169 at 1. In support of its position, plaintiff quotes testimony from Mr. Klenk's deposition as follows:

> Q "[I]s one way of responding to your report to say I understand that Mr. Klenk is using a reasonable royalty framework as set forth in the Georgia-Pacific case and the cases that followed, and I will present my analysis on the same basis? Is that a reasonable rebuttal? A. Yes."

Id. at 1-2 (quoting Klenk deposition transcript, ECF No. 161-3 at 165) (emphasis in original). Plaintiff goes on to characterize this testimony:

> Klenk was asked – how does USF best respond to your report? He gave a clear and understandable answer: respond to my report with one based on the same reasonable royalty theory I used, and, though he did not say so explicitly, try to show I misapplied the theory. That is exactly what Prof. Stevens' report does.

Id. at 2 (emphasis in original). Plaintiff argues that the court did not address "this crucial point," an omission that constitutes a "compelling reason" to grant a motion to reconsider. Id.

Plaintiff goes on to note that defendant took Dr. Stevens' deposition on October 5, 2020,[2] a further new material fact pertinent to the court's decision. See id. at 2-3. Plaintiff argues that the fact of the deposition makes it "unfair and inappropriate" to now strike the report. Id. at 3.

Defendant responds that plaintiff "has shown no facts that warrant reconsideration and no manifest error by the [c]ourt." ECF No. 173 at 1. According to defendant, the facts show that Dr. Stevens began his report in 2017 and that it was not initially intended as a response to Mr. Klenk's report. See id. at 2. Indeed, defendant argues, plaintiff "mischaracterizes the actual facts underlying its position." Id. at 7. Mr. Klenk's testimony was not a statement regarding the best or proper way to respond to his report, it was merely "a common-sense response" that a "'reasonable' way to dispute his opinions" was by offering an analysis of them. Id. Therefore, defendant concludes, "while [Mr. Klenk] identified a reasonable way to respond to his report, the witness cannot excuse [plaintiff] from following the court's schedule." Id. at 5 (emphasis in original).

---

[2]    Plaintiff's brief states that the deposition took place on April 5, 2020, but the date on the deposition transcript attached to defendant's response is October 5, 2020. See ECF No. 169 at 2; ECF No. 173-1 at 1. The court assumes the April 5, 2020 date in the brief is a typographical error.

Defendant then states that "the only 'new fact' [plaintiff] identified to support its motion for reconsideration" is defendant's deposition of Dr. Stevens, the testimony from which defendant contends strengthens its own argument that Dr. Stevens' report should be stricken. Id. at 2, 6. In support of its argument, defendant cites extensively to Dr. Stevens' deposition testimony, asserting that it demonstrates that "there is 'absolutely no[]' truth to [plaintiff's] position that [Dr. Stevens'] late-served Opening Report is responsive to Mr. Klenk's report." Id. at 5 (quoting Dr. Stevens' deposition testimony); see also id. at 2-4, 8-9. In sum, defendant concludes that plaintiff neither demonstrated new facts nor manifest error warranting reconsideration. See id. at 9.

Plaintiff replies that defendant "no longer has [a] basis" for its contention that Dr. Stevens' report should be stricken because "[i]t can no longer argue prejudice or surprise" given that it has taken Dr. Stevens' deposition. ECF No. 174 at 8. Plaintiff further argues that because defendant has taken Dr. Stevens' deposition, it may no longer be made the subject of a motion to strike. See id. at 6 (citing Barnes v. Dist. of Columbia, 289 F.R.D. 1, 16 (D.D.C. 2012)). This is especially so because, as plaintiff contends, it "could not have anticipated the issues and errors in Klenk's report" when it submitted its opening report. Id. at 10-11 (citing Sys. Fuels, Inc. v. United States, 117 Fed. Cl. 362, 364 (2014)). According to plaintiff, its presentation of an analysis of Mr. Klenk's report in a report "it had previously obtained" from Dr. Stevens, was appropriate and should not be stricken. Id. at 11-12.

In the court's view, the fact that defendant took Dr. Stevens' deposition is new. There can be no mistake that defendant should have informed the court of its intention to take Dr. Stevens' deposition. The court's awareness of the taking of that deposition might have affected the court's analysis of plaintiff's justification for presenting Dr. Stevens' report and the harm to defendant. The court previously concluded that:

> permitting a new expert report that plaintiff professes not to rely upon to be filed at nearly the close of expert discovery cannot be substantially justified. And, coming at the scheduled close of expert reports, see ECF No. 153 (scheduling order), the court finds that the late disclosure is not harmless. Therefore, Dr. Stevens' report will be stricken from the record and his testimony will be excluded at trial.

ECF No. 168 at 3. Any harm to defendant caused by the late disclosure of Dr. Stevens' report might have been diminished or altogether eliminated by defendant's ability to take his deposition.

Nonetheless, plaintiff has presented no facts or argument sufficient to demonstrate the extraordinary circumstances necessary to justify the relief it seeks. See Biery, 818 F.3d at 711 (quoting Caldwell, 391 F.3d at 1235). Thus, the court will not disturb its conclusion that Dr. Stevens' report is a new opening report. Plaintiff's argument that the

court "overlooked the central material fact" that plaintiff submitted Dr. Stevens' report not as a new report or new argument, but rather "because that is what [defendant's] [e]xpert, [Mr.] Klenk, testified was the proper method to rebut his opinion," ECF No. 169 at 1, is as misleading to the court as is defendant's failure to inform the court of its deposition of Dr. Stevens.

First, Mr. Klenk did not, in fact, testify—as plaintiff argues—that plaintiff should "respond to [his] report with one based on the same reasonable royalty theory [he] used, and, though he did not say so explicitly, try to show [he] misapplied the theory." Id. at 2. The deposition transcript shows that plaintiff's counsel asked Mr. Klenk:

> I'm not saying – I'm not asking, sorry, for a legal determination of whether something is appropriate.  Your opinion, I understand, is responsive to the Soderstrom opinion.  You're critical of it, and that's fine, but it's responsive. I, as I've explained to you this morning, wonder whether we couldn't be more specific in our rebuttal to your report, and what I'm asking you is only in a economist's point of view, is one way of responding to your report to say I understand that Mr. Klenk is using a reasonable royalty framework as set forth in the Georgia-Pacific case and the cases that followed, and I will present my analysis on the same basis?  Is that a reasonable rebuttal?

ECF No. 161-3 at 165.  Mr. Klenk responded simply "Yes."  Id.  Plaintiff did not point to any suggestion from Mr. Klenk regarding a new report, a new expert, or any offer of a justification from Mr. Klenk for the same.

Second, in the court's view, its "omission" in addressing Mr. Klenk's testimony is in no way a "crucial point," as plaintiff argues.  ECF No. 169 at 2.  As counsel must be well aware, the testimony or opinion of an expert as to the appropriate way to respond to another expert's report does not and cannot alter the rules and orders of this court.  To suggest otherwise is baffling to the court.  The crucial point in this matter is the application of the court's rules and orders, which both provide a specific timeline for expert discovery.  See ECF No. 153.  Plaintiff appears to be flouting those rules and orders by attempting to introduce a late-served opening expert report as an attachment to another expert's reply report.  Not only does this appear to defy this court's rules, it also fundamentally changes the representations plaintiff has made pursuant to the rules about the testimony upon which plaintiff would rely.

The parties have now forced the court to weigh each of their failures in determining the appropriate way to proceed in this matter.  In the court's view, the defendant's failure to inform the court of Dr. Stevens' deposition is matched by plaintiff's misleading arguments and disregard for the court's discovery rules and orders. Were the court to permit plaintiff to introduce a new expert report on the eve of the close of expert discovery, the court effectively would open a backdoor around the discovery

rules.  The court declines to render its rules and orders—and the parties' expectations based thereon—ineffective in this manner.

The court concludes that the facts and circumstances here do not rise to the level of the "extraordinary circumstances" required for the court to grant a motion for reconsideration.  Biery, 818 F.3d at 711 (quoting Caldwell, 391 F.3d at 1235).

IV.    Conclusion

Accordingly, for the foregoing reasons:

(1)    Plaintiff's motion for reconsideration of the court's October 9, 2020 order, ECF No. 169, is **DENIED**.

(2)    On or before **February 19, 2021**, the parties are directed to **CONFER** and **FILE** a **notice** attaching a proposed redacted version of this opinion, with any protectable information blacked out; and

(3)    On or before **February 19, 2021**, the parties are directed to **FILE** a **joint status report** proposing specific calendar dates for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

7