# In the United States Court of Federal Claims

No. 15-1549C

(E-Filed: April 14, 2021)

| | |
|---|---|
| UNIFIED OF SOUTH FLORIDA, BOARD OF TRUSTEES,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Motion in Limine; Timely Disclosure of Witnesses. |

Steven B. Kelber, Bethesda, MD, for plaintiff. Jerry Stouck, Rockville, MD, of counsel.

Walter W. Brown, Senior Litigation Counsel, with whom were Jeffrey Bossert Clark, Acting Assistant Attorney General, and Gary L. Hausken, Director, Civil Division, United States Department of Justice, Washington, DC, for defendant. Joshua I. Miller, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

    The court has before it plaintiff's September 10, 2020 motion in limine to preclude Brian Bannerman from testifying in this case. See ECF No. 160. Defendant filed a response in opposition on September 16, 2020, see ECF No. 163, and plaintiff filed its reply on September 21, 2020, see ECF No. 165. Plaintiff also filed a renewed motion in limine to preclude Mr. Bannerman's testimony on March 2, 2021.[1] See ECF No. 180.

---

[1] In its renewed motion, plaintiff does not request any new or different relief than it requested in its first, still pending, motion. Compare ECF No. 160 and ECF No. 180. Rather, the renewed motion appears to be an attempt to prompt the court to rule on the first motion. See ECF No. 180. Defendant did not file a response to the renewed motion, but because plaintiff raises no new issues and makes no new argument in the renewed motion, the court deems the motions fully briefed.

These motions have now been fully briefed and are ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, plaintiff's motion in limine and renewed motion are **DENIED**.

I.    Background

The parties in this case have been conducting discovery since they exchanged initial disclosures in 2017. See ECF No. 160 at 9. Defendant timely served its initial disclosures in March 2017, which did not include Brian Bannerman or "any official or representative from the Jackson Laboratory—the source of the mice made, used[,] and sold in violation of the patent at issue." Id. Fact discovery then proceeded with Jackson Laboratory as a party to the case, but no individuals from the company identified as having discoverable knowledge. Id. at 9-10.

Fact discovery concluded on September 28, 2018, and the case proceeded to expert discovery. See id. (citing ECF No. 110 (scheduling order); ECF No. 144 (scheduling order)). Again, neither party identified any expert witness "having any relationship with" Jackson Laboratory. Id. at 10. According to plaintiff, however, defendant's expert Jeffrey Klenk "referenced and relied upon a discussion" with Mr. Bannerman in his June 12, 2020 report and in his deposition. Id. at 11.

Thereafter, on September 2, 2020, defendant served an Amended Initial Disclosure on plaintiff "solely to add [Mr. Bannerman] as a fact witness." Id. at 1. Mr. Bannerman was added to testify regarding "'Jackson Laboratory and MMRRC sales and policies related to the accused mice; competitors to Jackson Laboratory.'" Id. at 1-2 (quoting ECF No. 160-1 at 3). Plaintiff objected to what it called defendant's "failure to timely name [Mr.] Bannerman" and "untimely amendment" of its initial disclosure, id. at 13, and filed the motion in limine seeking to exclude Mr. Bannerman's testimony now before the court.

II.   Legal Standards

A motion in limine functions "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996) (quoting Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983)). Such motions permit the court "'to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" Id. As the Federal Circuit has noted, however, "in limine rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually been developed." Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1338 (Fed. Cir. 2007). Thus, rulings on motions in limine "are subject to change as the case unfolds." Ultra-Precision Mfg. Ltd.

v. Ford Motor Co., 338 F.3d 1353, 1359 (Fed. Cir. 2003) (citing Luce v. United States, 469 U.S. 38, 41–42 (1984)).

III.     Analysis

In its motion, plaintiff argues that adding Mr. Bannerman as a witness at this time is "simply too late," ECF No. 160 at 9, and "contrary to practice and law," id. at 16. Specifically, plaintiff argues that, because the issues upon which Mr. Bannerman is expected to testify "are not matters or issues in dispute," he must have been added "to somehow provide support for [defendant's] Expert Report proffered by Jeffrey Klenk." Id. at 2. Thus, plaintiff contends, Mr. Bannerman was added "belatedly but without excuse" and "should not be permitted to attempt to shore up an improvidently prepared Expert Report." Id. at 3; see also id. at 11-13.

Further, according to plaintiff, adding Mr. Bannerman now, two years after fact discovery closed, is akin to defendant "propos[ing] to reopen fact discovery," id. at 15, and would require plaintiff to pursue depositions from "the thirteen University/commercial partnerships" plaintiff identified as benefiting from the Jackson Laboratory policies, id. at 18. See also ECF No. 165 at 2 (noting that allowing Mr. Bannerman to testify would "ensure the need to take an extended round of third-party discovery and testimony that will last many months"), 6 ("Bannerman's proposed testimony . . . presents a clear danger to these proceedings, because it threatens to delay this matter by months if not years by opening up discovery"). Therefore, citing several cases from the United States district courts in Pennsylvania and the District of Columbia, plaintiff concludes that "[t]he 11th hour unjustified and unexcused identification of Bannerman as a witness, previously of no interest to either party, is simply not permissible." ECF No. 160 at 20.

Defendant responds that the rules of this court "expressly address[] this scenario and expressly allow[]" it to identify a witness after expert disclosure closes. ECF No. 163 at 2 (emphasis in original). Specifically, defendant argues that RCFC Appendix A, ¶ 13(b) requires the parties to exchange a list of witnesses for trial and permits them to conduct discovery related to "[a]ny witness whose identity has not been previously disclosed." Id. at 2-3 (emphasis omitted). Thus, defendant contends, not only is Mr. Bannerman's testimony relevant to the issue of damages, but its disclosure of his identity on September 2, 2020—before the close of expert discovery—was timely under the rules. See id. at 3-6.

The court agrees with defendant. The rules of this court expressly provide for disclosure of witnesses not previously identified as part of the parties' lists of witnesses identified for trial. See RCFC Appendix A, ¶ 13(b). This court has previously allowed testimony of witnesses who were similarly timely disclosed pursuant to RCFC Appendix A, ¶ 13(b). See Scott Timber, Inc. v. United States, 93 Fed. Cl. 221, 224 (2010) (reviewing cases in which the court has permitted testimony from witnesses not disclosed

3

until required by RCFC Appendix A § VI(13)(b) in support of permitting testimony from timely disclosed witnesses); Globe Savings Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 100-01 (2004) (permitting testimony from two witnesses that were timely disclosed pursuant to RCFC Appendix A, ¶ 13(b)).

Additionally, in contrast to the cases cited by plaintiff in support of its position, defendant here timely made its disclosure in September 2020—before expert discovery closed, before the conference prescribed by RCFC Appendix A, ¶ 13, and well before trial in this matter will be held. See ECF No. 165 at 3 (citing MicroStrategy, Inc. v. Business Objects, S.A., 429 F.3d 1344, 1357 (Fed. Cir. 2005) (holding that a disclosure made at trial was not substantially justified or harmless)); ECF No. 179 at 2 (scheduling order setting deadline of April 30, 2021, for the parties to file a joint status report proposing dates for a trial in this matter).  Thus, in the court's view, there is sufficient time for plaintiff to conduct discovery—as permitted by the rules—related to Mr. Bannerman's proposed testimony.

Plaintiff's argument that "[i]f Bannerman were permitted to testify, and his deposition were taken, [plaintiff] would have to pursue the depositions of all the entities it identified to [defendant] back on January 27, 2017—beneficiaries of the [Jackson Laboratory] policy supporting 'industrially sponsored academic research,'" ECF No. 160 at 18, is both unexplained and unavailing.  Plaintiff does not make clear how taking the deposition of Mr. Bannerman will necessarily lead to a need to fully reopen fact discovery to allow for multiple other depositions.  Thus, plaintiff's conclusory assertions that permitting Mr. Bannerman to testify in this case will necessarily lead to a costly delay in the trial in this matter are unconvincing.  See ECF No. 165 at 6 (plaintiff asserting without explanation that permitting Mr. Bannerman's testimony "threatens to delay this matter by months if not years by opening up discovery").

Because defendant timely disclosed Mr. Bannerman as a witness in this case in accordance with the rules of this court, the court denies plaintiff's motion.  This is not to say, however, that Mr. Bannerman's testimony will be ruled to be admissible and relevant at trial—plaintiff may assert challenges to Mr. Bannerman's testimony at trial in this matter as appropriate.

IV.     Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion in limine to exclude the testimony of Mr. Bannerman, ECF No. 160, is **DENIED**, and plaintiff's renewed motion in limine, ECF No. 180, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge
