# In the United States Court of Federal Claims

No. 15-1549C

(E-Filed:  August 25, 2021)

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | Motion in Limine; FRE 401; Relevance. |
| THE UNITED STATES, | |
| Defendant. | |

Steven B. Kelber, Bethesda, MD, for plaintiff.  Jerry Stouck, Rockville, MD, of counsel.

Walter W. Brown, Senior Litigation Counsel, with whom were Brian M. Boynton, Acting Assistant Attorney General, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Joshua I. Miller and Carrie E. Rosato, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

The court has before it plaintiff's motions in limine to preclude all testimony in this case from Marcia Gordon and David Morgan, see ECF No. 185, and testimony about prior invention by David Borchelt and his associates, see ECF No. 187.[1]  Defendant filed responses in opposition, see ECF No. 200; ECF No. 201, respectively, and plaintiff filed replies, see ECF No. 209; ECF No. 210, respectively.

These motions have now been fully briefed and are ripe for decision.  The court has considered all of the parties' arguments and addresses the issues that are pertinent to

---

[1]     The court also has before it plaintiff's motion in limine to preclude testimony from Mr. Jeffrey Klenk, ECF No. 186.  A separate opinion on that motion will issue in due course.

the court's ruling in this opinion.  For the following reasons, plaintiff's motions in limine are **DENIED**.

I.      Background

Plaintiff filed this patent infringement suit on December 28, 2015, seeking compensation for what it termed the "unlicensed use, manufacture and infringement by or on behalf of the United States" of its United States Patent No. 5,898,094 ('094 patent).[2] ECF No. 1 at 1 (complaint).  In anticipation of trial, plaintiff has now filed motions in limine seeking to limit the testimony from certain witnesses.  See ECF No. 185; ECF No. 187.

A.      Dr. Marcia Gordon and Dr. David Morgan

Defendant listed Drs. Gordon and Morgan on its preliminary witness list to "testify 'regarding research leading to the '094 patent as well as the dates of such research activities (and documentation of those activities), including the alleged dates of conception and reduction to practice' as well as their 'knowledge and involvement with any [National Institutes of Health (NIH)] grants or subgrants that funded the [plaintiff's] research relating to the '094 patent, including any [of plaintiff's] financial records of those grants.'"  ECF No. 200 at 2 (quoting ECF No. 200-1 at 3 (defendant's March 16, 2021 witness list)).  According to defendant, these witnesses "are expected to provide testimony that Dr. Morgan's [University of South Florida (USF)] laboratory was funded by a NIH grant to [the Mayo Clinic (Mayo)], who in turn provided funds to USF," and that the grant "funded Dr. Gordon's salary at that time."  Id. at 1-2.

According to plaintiff, these witnesses are "two Professors who were at [USF] at the time the invention of [the '094 patent] was made but since departed on bad terms."  ECF No. 185 at 1.  Plaintiff contends that their testimony is irrelevant.  See id.

B.      Dr. David Borchelt's Alleged Prior Invention

Defendant has alleged that Dr. Borchelt and his group were "the prior inventor[s] of the patented subject matter."  ECF No. 201 at 2.  Specifically, defendant contends that Dr. Borchelt's group was the first to conceive of the invention as evidenced by Dr. Borchelt's testimony, his laboratory notebooks, grant documents, and an article he published in 1996.  See id. at 3-6.

---

[2]     The court previously discussed the patent and detailed the dispute in its opinion on plaintiff's motions for summary judgment and so will not reiterate that history here.  See ECF No. 142 at 2-3 (December 20, 2019 opinion, reported at Univ. of S. Fla. v. United States, 146 Fed. Cl. 274, 278-79 (2019)).

Plaintiff, however, argues that testimony regarding Dr. Borchelt's prior invention is "contrary to law" because its patent was filed on July 30, 1997, "well prior to the earliest date of invention provable for Borchelt." ECF No. 187 at 1. Instead, according to plaintiff, the earliest possible date for the reduction to practice of Dr. Borchelt's invention is October 1997—the date Dr. Borchelt published an article on the subject invention. See id. at 3-4. Plaintiff has thus filed the subject motion in limine to exclude any testimony regarding Dr. Borchelt's prior invention. See id. at 1.

II.     Legal Standards

    A.     Motions in Limine

A motion in limine functions "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters.'" INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 303 (1996) (quoting Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983)). Such motions permit the court "'to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" Id. As the United States Court of Appeals for the Federal Circuit has noted, however, "in limine rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually been developed." Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1338 (Fed. Cir. 2007). Accordingly, rulings on motions in limine "are subject to change as the case unfolds." Ultra-Precision Mfg. Ltd. v. Ford Motor Co., 338 F.3d 1353, 1359 (Fed. Cir. 2003) (citing Luce v. United States, 469 U.S. 38, 41-42 (1984)).

III.     Analysis

    A.     The Testimony of Dr. Gordon and Dr. Morgan Is Admissible

Plaintiff argues that neither Dr. Gordon nor Dr. Morgan can provide relevant testimony because the subject of their testimony—whether the invention in the '094 patent was made using NIH funds, thereby granting defendant a license in the invention—is belied by the documentary record. See ECF No. 185 at 1-2. According to plaintiff, to make the testimony of these witnesses relevant, there would need to be a "subcontract in favor of USF provid[ing] funding no later than 'the conception or first actual reduction to practice of the invention' of the '094 patent." Id. at 2 (quoting Tech. Dev. Corp. v. United States, 597 F.2d 733, 745-46 (Ct. Cl. 1979)). Because the documentary record shows that the subcontract "came after the conception and reduction to practice of the invention claimed in the '094 patent and filing date of the '094 patent," id. at 2, the witnesses' testimony cannot be relevant. See id. at 2-5.

Defendant argues that the court rejected, in its opinion on plaintiff's motions for partial summary judgment, plaintiff's theory that the November 8, 1997 subcontract constitutes proof that no prior agreement between plaintiff and Mayo existed. ECF No.

200 at 3 (citing ECF No. 142 at 15).  Defendant further contends that its evidence and the
testimony of the doctors is "highly relevant," id. at 6, because "both can verify that . . .
funds flowed from Mayo to USF research activities claimed as inventions in the '094
patent, including the first actual reduction to practice in April 1997."  Id. at 7.

Plaintiff replies that both witnesses testified that "they can provide no evidence
(documents or testimony) as to the existence of any subcontract between USF and Mayo
Clinic with respect to the invention of the '094 Patent before April of 1997, whether
implied-in-fact or at-law."  ECF No. 209 at 2.  Thus, plaintiff contends, they cannot
provide relevant testimony.  See id. at 2-7.

The court agrees with defendant that the doctors' testimony is relevant.
"Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than
it would be without the evidence; and (b) the fact is of consequence in determining the
action."  Federal Rule of Evidence (FRE) 401; see also FRE 402 (stating that "relevant
evidence is admissible").[3]  This "basic standard of relevance . . . is a liberal one."
Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 (1993).  To be admissible,
therefore, the doctors' testimony must simply have "any tendency" to make defendant's
license defense "more or less probable."  FRE 401.  As described by defendant, the
anticipated testimony will advance defendant's license defense.  Plaintiff's arguments to
the contrary are unavailing, and, in the court's view, go to the weight afforded to the
evidence, rather than to its relevance and admissibility.  The testimony should thus be
evaluated after "[v]igorous cross-examination [and] presentation of contrary evidence,"
and plaintiff's motion is denied.  Daubert, 509 U.S. at 596.

B.     Testimony Regarding Prior Invention by Dr. David Borchelt is Admissible

In its motion, plaintiff argues that testimony that Dr. Borchelt invented the subject
matter of the '094 patent prior to the date of its invention by the USF patent inventors
should be excluded at trial because it is "contrary to law."  ECF No. 187 at 1.
Specifically, plaintiff contends that the last possible date of invention by the USF
inventors is July 30, 1997—the filing date of their patent—and "[t]here simply is no
corroborated demonstration of an actual reduction to practice of the invention by Borchelt
. . . prior to July 30, 1997."  Id. at 3.  According to plaintiff, defendant must corroborate
its alleged date of invention with testimony of a non-inventor or written documents to
establish its prior invention claim, and it cannot do so.  See id. at 9-11, 14-20.

Defendant responds that plaintiff, "[r]ather than address[ing] [defendant's]
principal allegations of an earlier conception . . . simply argues that [defendant] cannot
prove an earlier reduction to practice."  ECF No. 201 at 2.  Defendant asserts that

---

[3]     This court applies the Federal Rules of Evidence (FRE) when evaluating the admissibility
of evidence offered in proceedings before it.  See 28 U.S.C. § 2503(b); FRE 1101(a).

plaintiff "ignores all of the testimony and corroborating evidence indicating that Dr. Borchelt and his team were seeking and predicting that feature as well as the earliest evidence of [the] Borchelt group's reduction to practice." Id. Further, defendant notes, "[t]he [c]ourt previously ruled in its summary judgment ruling that [defendant's] invalidity defenses based on this prior invention [were] properly an issue for trial." Id. at 9.

Plaintiff replies that its position "rest[s] on the total absence of corroboration of any act of invention (conception, diligence and reduction to practice) by [Dr.] Borchelt prior to October, 1997." ECF No. 210 at 1. Because defendant "failed to identify any document or witness that could corroborate [Dr.] Borchelt's acts of invention," plaintiff argues, defendant "should not be permitted to pursue [a prior invention theory] at trial." Id. at 2. Plaintiff emphasizes in its reply that defendant "does not point to any specific body of work that it relies on in support of its assertion that [Dr.] Borchelt was diligent in moving from a conception of the invention of the '094 Patent to the reduction to practice." Id. at 7.

Plaintiff's motion in limine on this subject appears to be an attempt to relitigate its earlier partial motion for summary judgment. The court previously held that defendant's prior invention contention "is buttressed by numerous citations to Dr. Borchelt's laboratory notebooks and grant materials," and that "[d]efendant has shown that there is relevant documentary evidence regarding the research activities of the Borchelt team that, coupled with Dr. Borchelt's statements, might be sufficient to establish conception before April 25, 1997." ECF No. 142 at 10. The court will not revisit its opinion on a partial motion for summary judgment in response to plaintiff's motion in limine. In the court's view, plaintiff has not presented any argument regarding the exclusion of testimony about prior invention by Dr. Borchelt that the court has not already addressed. Any further objections to testimony on this subject go to the weight to be afforded to the testimony rather than to its admissibility. Therefore, the testimony should be evaluated after "[v]igorous cross-examination [and] presentation of contrary evidence," and plaintiff's motion is denied. Daubert, 509 U.S. at 596.

IV.   Conclusion

The court, therefore, finds that the testimony at issue from both Drs. Gordon and Morgan and the testimony regarding prior invention from Dr. Borchelt and his associates are admissible, and plaintiff's motions in limine are denied. Plaintiff may, however, reassert the arguments raised in its motions during trial to the extent that they challenge the weight to be afforded the testimony.

Accordingly, for the foregoing reasons:

(1)   Plaintiff's motion in limine, ECF No. 185, is **DENIED**; and

(2)     Plaintiff's motion in limine, ECF No. 187, is **DENIED**.

IT IS SO ORDERED.

<u>s/Patricia E. Campbell-Smith</u>
PATRICIA E. CAMPBELL-SMITH
Judge