# In the United States Court of Federal Claims

No. 15-1549C

(E-Filed: September 1, 2021)[1]

|  |  |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES, ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Motion in Limine; FRE 702; Expert Testimony; RCFC 11(b); Show Cause. |

Steven B. Kelber, Bethesda, MD, for plaintiff. Jerry Stouck, Rockville, MD, of counsel.

Walter W. Brown, Senior Litigation Counsel, with whom were Brian M. Boynton, Acting Assistant Attorney General, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Joshua I. Miller and Carrie E. Rosato, of counsel.

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

The court has before it plaintiff's motion in limine to preclude testimony in this case from Jeffrey Klenk. See ECF No. 186. Defendant filed a response in opposition, see ECF No. 202, and plaintiff filed a reply, see ECF No. 211.

This motion has now been fully briefed and is ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the

---

[1] This opinion was originally issued on August 25, 2021. See ECF No. 218. The parties were invited to identify all competition-sensitive information subject to deletion on the basis that the material is protected and privileged. No redactions were proposed by the parties. See ECF No. 219 (notice). Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

court's ruling in this opinion.  For the following reasons, plaintiff's motion in limine is **DENIED**.

I.      Background

Plaintiff filed this patent infringement suit on December 28, 2015, seeking compensation for what it termed the "unlicensed use, manufacture and infringement by or on behalf of the United States" of its United States Patent No. 5,898,094 ('094 patent).[2]  ECF No. 1 at 1 (complaint).  In anticipation of trial, plaintiff has now filed the subject motion in limine seeking to limit the testimony from defendant's expert, Mr. Klenk.  See ECF No. 186.

Defendant advances Mr. Klenk as its damages expert in this case.  See ECF No. 202 at 6.  According to defendant, Mr. Klenk has a masters degree in economics and is a consultant with Berkeley Research Group performing damages expert work.  See id. at 8.  In addition to working on other intellectual property cases, Mr. Klenk "has worked on approximately two dozen patent damages cases," "[p]ublished numerous articles on patent damages," and taught various courses specifically on patent damages and that included information on patent damages.  See id. at 8-9.

The parties have had multiple disagreements with respect to both Mr. Klenk's testimony and their respective expert reports on damages.  The court detailed that history in its October 9, 2020 order resolving one of those disputes and will not repeat that discussion here.  See ECF No. 168.  Plaintiff has now filed this motion seeking to exclude Mr. Klenk's testimony altogether.  See ECF No. 186.

II.     Legal Standards

    A.      Motions in Limine

A motion in limine functions "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 303 (1996) (quoting Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983)).  Such motions permit the court "'to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'"  Id.  As the United States Court of Appeals for the Federal Circuit has noted, however, "in limine rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually been developed." Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1338

---

[2]     The court previously discussed the patent and detailed the dispute in its opinion on plaintiff's motions for summary judgment and, thus, will not detail that history here.  See ECF No. 142 (December 20, 2019, reported at Univ. of S. Fla. v. United States, 146 Fed. Cl. 274 (2019)).

2

(Fed. Cir. 2007). Accordingly, rulings on motions in limine "are subject to change as the case unfolds." Ultra-Precision Mfg. Ltd. v. Ford Motor Co., 338 F.3d 1353, 1359 (Fed. Cir. 2003) (citing Luce v. United States, 469 U.S. 38, 41-42 (1984)).

  B.  Admissibility of Expert Testimony

  Rule 702 of the Federal Rules of Evidence (FRE) governs the admissibility of expert testimony. It states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FRE 702.

  In the seminal case Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-95 (1993), the Supreme Court of the United States set forth the standards governing admissibility of expert testimony. As explained by the Federal Circuit, the framework articulated in Daubert permits the court to consider several factors when assessing the admissibility of expert testimony: "(1) whether the methodology is scientific knowledge that will assist the trier of fact; (2) whether the methodology has been tested; (3) whether the methodology has been published in peer-reviewed journals; (4) whether there is a known, potential rate of error; and (5) whether the methodology is generally accepted." Summit 6, LLC v. Samsung Elecs. Co., LLC, 802 F.3d 1283, 1295 (Fed. Cir. 2015) (citing Daubert, 509 U.S. at 591-95). Thus, a court may exclude evidence "that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." Id. (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999); i4i Ltd. v. Microsoft Corp., 598 F.3d 831, 854 (Fed. Cir. 2010)).

  The court's inquiry must, therefore, ensure both that the data used by the expert is "sufficiently tied to the facts of the case," and that the expert's methodology is not "plagued by logical deficiencies or [ ] otherwise unreasonable." Id. at 1296 (citations omitted). The court's preliminary inquiry, however, is satisfied once it reaches that conclusion, and the testimony is admissible. Id. Whether the expert's testimony is credible, however, is determined after the evidence is tested at trial. See Daubert, 509 U.S. at 596.

III.   Analysis

    A.   Mr. Klenk's Testimony Is Admissible

In its motion, plaintiff argues that testimony from Mr. Klenk should be excluded for three reasons: (1) his testimony "would be of little use to the court" because he did not respond to plaintiff's expert report, ECF No. 186 at 2; (2) he "lacks the necessary knowledge, skill, experience, training or education necessary to assist the [c]ourt in this matter," because he "has never before crafted an opinion involving patent damages and has no background education or experience with respect to patent damages," id. and he "simply had no knowledge of [plaintiff's damages theory] and declined to acquire the understanding necessary to respond," id. at 15; and (3) his "core opinion" that plaintiff "would have entered into a royalty-free license" with defendant is "based solely on [ ] inadmissible hearsay," id. at 2. Plaintiff contends that Mr. Klenk's opinion is not responsive to its expert report because it is "based on a poorly framed extract of the Georgia Pacific case, a framework which [p]laintiff does not rely on and no other expert in this matter advances." Id. at 10 (underlining added); see also id. at 12.

Defendant responds by first stating that "many of [plaintiff's] arguments are contrary to the facts established in the record or are based purely on [plaintiff's] speculation." ECF No. 202 at 6. Defendant argues that Mr. Klenk did indeed respond to plaintiff's expert's report—he referenced that report "some 250 times," id., and dedicated "entire sections" of his report to "criticizing deficiencies" in plaintiff's report, id. at 9.[3] Further, defendant contends, Mr. Klenk does have the experience and knowledge to offer expert testimony, including work on "approximately two dozen patent damages cases," id. at 8, work on other intellectual property damages cases, publication of "numerous articles on patent damages," and teaching courses involving "the very patent damages concepts at issue in this case," id. at 9. Finally, defendant argues that Mr. Klenk did not rely on inadmissible hearsay, because the witness Mr. Klenk relied on "has been deposed and will testify at trial." Id. at 24. And, even if it was hearsay, such reliance was appropriate under FRE 703 because other experts would have reasonably relied on the evidence in forming an opinion. See id.

---

[3]   Defendant also asserts that Mr. Klenk's report was not required to be responsive to plaintiff's expert's report, only to follow that report in time. See ECF No. 202 at 11-12. Defendant's characterization is a stretch of the court's scheduling order language at best. While defendant's contention that "nothing in the [c]ourt's Scheduling Order addresses how [defendant] is to respond," id. (citations omitted), is facially correct, the court ordered service of "RESPONSIVE expert reports," ECF No. 144 at 1 (emphasis in original), as requested by the parties in their January 10, 2020 joint status report, see ECF No. 143 at 1. In the court's view, that language went beyond setting out the ordering of reports and indicated that the report was to be responsive.

4

Plaintiff replies that Mr. Klenk "declined to offer any opinion at all responsive to that advanced by [plaintiff's expert].  He cannot respond to it now, or at trial.  He cannot help guide the [c]ourt."  ECF No. 211 at 8.  While acknowledging that Mr. Klenk "was critical" of its expert report, plaintiff insists that Mr. Klenk did not respond to the report.  Id. at 10.  Plaintiff also continues to insist that Mr. Klenk is not qualified to testify as an expert, see id. at 12-16, and inappropriately relied on hearsay in his report, see id. at 24-32.

Plaintiff's arguments for the exclusion of Mr. Klenk's testimony are unavailing.  Plaintiff did not cite, and the court could not locate, any caselaw suggesting that an expert report that concludes that a different damages framework is more appropriate than the framework advanced by plaintiff is not responsive to plaintiff's report.  In the court's view, the extensive references to—and discussion of—plaintiff's expert's report in Mr. Klenk's report are sufficient to make Mr. Klenk's report responsive.  Any objection that Mr. Klenk failed to respond specifically to plaintiff's damages framework goes to the weight to be afforded to Mr. Klenk's testimony, rather than its admissibility.  The court therefore concludes that, although Mr. Klenk advanced a different damages theory than that espoused by plaintiff, Mr. Klenk's testimony is "sufficiently tied to the facts of the case" and his methodology is not "plagued by logical deficiencies or [ ] otherwise unreasonable."  Summit 6, 802 F.3d at 1296 (citations omitted).

The court further concludes that plaintiff's objection to Mr. Klenk's expert credentials is frivolous.  It is eminently clear from the record that Mr. Klenk has significant experience analyzing patent damages.  Plaintiff's insistence in both its motion and its reply that Mr. Klenk "has never before crafted an opinion involving patent damages and has no background, education or experience with respect to patent damages," ECF No. 186 at 2, and "has simply never ever done this, he has never authored a report on the appropriate measure of patent infringement damages, in his life," ECF No. 211 at 12 (citing ECF No. 202-1 at 3), is false.  The court therefore concludes that plaintiff's objections to Mr. Klenk's qualifications as an expert do not render his testimony inadmissible.

Finally, the court finds plaintiff's objection to Mr. Klenk's testimony on the basis that he relied on inadmissible hearsay to be unconvincing.  In the court's view, any objections to Mr. Klenk's reliance on evidence obtained from another witness goes to the weight to be afforded to Mr. Klenk's testimony rather than its admissibility.  Whether an expert's testimony is credible is determined after the evidence is tested at trial.  See Daubert, 509 U.S. at 596.  Thus, Mr. Klenk's testimony that allegedly relies on inadmissible hearsay is admissible.

> B. Plaintiff's Misstatements and Frivolous Arguments Violate this Court's Rules

Throughout its motion, plaintiff makes misstatements and mischaracterizations of both the facts at issue and the caselaw. After similar issues in a prior motion, the court cautioned the parties that it "expects full candor from the parties going forward," as demanded by Rule 11 of the Rules of the United States Court of Federal Claims (RCFC). ECF No. 177 at 2. Rule 11 states, in relevant part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

RCFC 11(b). Should the court believe that RCFC 11(b) has been violated, it may order a party to show cause why its conduct has not violated the rule. See RCFC 11(c)(3). As detailed below, it is the court's view that plaintiff failed to exercise full candor and failed to fulfill its RCFC 11 obligations, and that failure merits sanctions. The court therefore orders plaintiff's counsel to show cause why the conduct described below does not violate RCFC 11(b).

To the court's reading, plaintiff's most egregious misstatements involve its characterization of Mr. Klenk's expert credentials. In the face of Mr. Klenk's resume listing his extensive experience consulting, many publications, and specific experience crafting expert reports, which appears to have been attached to his expert report, see ECF No. 186-1 at 64-70, plaintiff's declaration in its motion that Mr. Klenk "has never before crafted an opinion involving patent damages and has no background education or experience with respect to patent damages," ECF No. 186 at 2, went beyond mischaracterization into the territory of falsehood. Further, when presented with

information in defendant's response and an additional declaration from Mr. Klenk reiterating his credentials, see ECF No. 202 at 8-10, 16-23; ECF No. 202-1, plaintiff failed to acknowledge its misstatement.  See ECF No. 211 at 1, 12.  Instead, plaintiff went further, asserting that defendant "acknowledge[ed] that Klenk has never ever prepared an expert report with respect to patent damages," id. at 1, and that Mr. Klenk's declaration "establishes that Klenk has simply never ever done this, he has never authored a report on the appropriate measure of patent infringement damages, in his life," id. at 12 (citing ECF No. 202-1 at 3).

In actuality, defendant noted in its response that Mr. Klenk "has played a substantive role in approximately two dozen patent damages analyses," ECF No. 202 at 21, and Mr. Klenk confirmed in his declaration that although he has not previously testified as an expert, he "has played a substantive role" in twenty-three patent damages cases, in addition to other intellectual property matters, ECF No. 202-1 at 3, 8.  It appears to the court that plaintiff's statements about Mr. Klenk's credentials in both its motion and its reply are simply false, and therefore constitute factual contentions without evidentiary support.

Further, to bolster argument that Mr. Klenk failed to respond to plaintiff's expert's report, plaintiff also asserts that its expert "identified leading cases that set forth with specificity the situations and factors to consider in applying" the established royalty framework on which plaintiff relies.  ECF No. 186 at 12.  The cases plaintiff characterizes as the "leading cases" are Tektronix, Inc. v. United States, 552 F.2d 343 (Ct. Cl. 1977) and Boeing Co. v. United States, 86 Fed. Cl. 303 (2009).  See id. at 16.  Upon review, it is clear that neither of these cases applies an established royalty framework, nor do they "set forth with specificity the situations and factors to consider" in applying that framework.  See Tektronix, 552 F.2d at 347-48 ("In this case, it is necessary to adopt a method other than reliance on an established royalty for ascertaining what would be reasonable."); id. at 349 (adopting the "method, exemplified by the Georgia-Pacific case" for determining damages) (underlining added); Boeing, 86 Fed. Cl. at 312 (noting that an established royalty rate carries weight in calculating a reasonable royalty rate and applying the factors identified in the Georgia-Pacific case).  Even if plaintiff's expert identified these cases as "leading," it is incumbent on counsel to ensure that the caselaw is accurately represented to the court.  In the court's view, plaintiff failed to do so here.

Finally, for plaintiff to argue that defendant's expert "deliberately avoided responding," to plaintiff's expert report, ECF No. 186 at 12, when Mr. Klenk's fifty-eight page report contained numerous references to plaintiff's expert's report, a ten page section dedicated to reviewing that report, and another twenty-one pages dedicated to analysis, see ECF No. 186-1, is so grossly misleading that it cannot be seriously considered.

Thus, plaintiff's conduct here appears to the court, at minimum, to violate RCFC 11(b)(2) and (b)(3). The court, therefore, directs plaintiff to show cause why that is not so.

IV. Conclusion

Accordingly, for the foregoing reasons:

(1) Plaintiff's motion in limine, ECF No. 186, is **DENIED**;

(2) On or before **September 8, 2021**, plaintiff is directed to **respond SHOWING CAUSE** why its conduct described in this opinion does not constitute a violation of RCFC 11(b); and

(3) On or before **September 8, 2021**, the parties are directed to **CONFER** and **FILE** a **notice** stating whether any redactions are required before the court makes this opinion publicly available, and if so, attaching an agreed-upon proposed redacted version of the opinion.

IT IS SO ORDERED.

                                                                          s/Patricia E. Campbell-Smith
                                                                          PATRICIA E. CAMPBELL-SMITH
                                                                           Judge