# In the United States Court of Federal Claims

No. 15-1549C

(E-Filed: October 27, 2021)[1]

|  |  |  |
|---|---|---|
| UNIVERSITY OF SOUTH FLORIDA, BOARD OF TRUSTEES, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | RCFC 11(b); Sanctions. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

Steven B. Kelber, Bethesda, MD, for plaintiff.  Jerry Stouck, Rockville, MD, of counsel.

Walter W. Brown, Senior Litigation Counsel, with whom were Brian M. Boynton, Acting Assistant Attorney General, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Joshua I. Miller and Carrie E. Rosato, of counsel.

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

In its August 25, 2021 opinion and order denying plaintiff's motion in limine to preclude the testimony of defendant's damages expert, Mr. Jeffrey Klenk, the court ordered plaintiff to show cause why its conduct related to that motion is not a violation of Rule 11(b) of the Rules of the United States Court of Federal Claims (RCFC).  See ECF No. 218 at 6-8.  Plaintiff filed its response to the show cause order on September 2, 2021, see ECF No. 221, and defendant, at the court's request, filed a reply on September 24, 2021, see ECF No. 223.

---

[1] This opinion was issued under seal on October 20, 2021.  See ECF No. 224.  The parties were invited to identify propriety or confidential material subject to deletion on the basis that the material is protected/privileged.  No redactions were proposed by the parties.  See ECF No. 226.  Thus, the sealed and public version of this opinion are identical, except for the publication date and this footnote.

This matter is now ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, the court finds that plaintiff's counsel has violated RCFC 11(b) and sanctions are warranted.

I.      Background

Defendant advances Mr. Klenk as its damages expert in this case. See ECF No. 202 at 6 (defendant's response to plaintiff's motion in limine to exclude Mr. Klenk's testimony). The parties have had multiple disagreements with respect to both Mr. Klenk's testimony and their respective expert reports on damages, culminating in plaintiff's motion in limine seeking to exclude Mr. Klenk's testimony altogether. See ECF No. 186. The court denied that motion, concluding that plaintiff's objections were unsupported by the caselaw and the record. See ECF No. 218 at 5, 8.

In its motion in limine, plaintiff made, in the court's view, several misstatements and frivolous arguments that amounted to a violation of RCFC 11(b). See id. at 6-8. Plaintiff argued that Mr. Klenk "has never before crafted an opinion involving patent damages and has no background, education or experience with respect to patent damages," ECF No. 186 at 2, and reiterated the argument in its reply, stating that defendant "acknowledg[ed] that Klenk has never ever prepared an expert report with respect to patent damages," ECF No. 211 at 1, and that Mr. Klenk's declaration "establishes that Klenk has simply never ever done this, he has never authored a report on the appropriate measure of patent infringement damages, in his life," id. at 12 (citing ECF No. 202-1 at 3). Plaintiff made these arguments despite being in possession of Mr. Klenk's resume and defendant's response to its motion and the attached declaration from Mr. Klenk, which noted that Mr. Klenk "has played a substantive role in approximately two dozen patent damages analyses," ECF No. 202 at 21, and noted that although he has not previously testified as an expert, Mr. Klenk "has played a substantive role" in twenty-three patent damages cases, in addition to other intellectual property matters, ECF No. 202-1 at 3, 8.

Plaintiff further argued that Mr. Klenk failed to respond to its expert's report and asserted that its expert "identified leading cases that set forth with specificity the situations and factors to consider in applying" the established royalty framework on which plaintiff relies. ECF No. 186 at 12. Mr. Klenk's fifty-eight-page report, which was attached as an exhibit to plaintiff's motion in limine, contained numerous references to plaintiff's expert's report, a ten-page section dedicated to reviewing that report, and another twenty-one pages dedicated to analysis. See ECF No. 186-1. And, the cases plaintiff cited neither applied an established royalty framework, nor did they "set forth with specificity the situations and factors to consider" in applying that framework. See Tektronix, Inc. v. United States, 552 F.2d 343, 347-48 (Ct. Cl. 1977) ("In this case, it is necessary to adopt a method other than reliance on an established royalty for ascertaining what would be reasonable."); id. at 349 (adopting the "method, exemplified by the

2

Georgia-Pacific case" for determining damages) (underlining added); Boeing Co. v. United States, 86 Fed. Cl. 303, 312 (2009) (noting that an established royalty rate carries weight in calculating a reasonable royalty rate and applying the factors identified in the Georgia-Pacific case).

Given these issues with plaintiff's motion, the court directed plaintiff to show cause why its conduct was not a violation of, at a minimum, RCFC 11(b)(2) and (b)(3). See ECF No. 218 at 8.

II.   Legal Standards

Rule 11 states, in relevant part, that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

RCFC 11(b).  The rule is "aimed at curbing baseless filings, which abuse the judicial system and burden courts and parties with needless expense and delay." Judin v. United States, 110 F.3d 780, 784 (Fed. Cir. 1997) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397-98 (1990)).

To comply with the rule, attorneys must engage in a factual and legal inquiry appropriate to the circumstances prior to filing papers with the court.  See RCFC 11(b); Cooter & Gell, 496 U.S. at 393 ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'")).  In considering whether the attorney's inquiry was reasonable, the court

"must consider all the circumstances of a case," and "make some assessment of the signer's credibility." Id. at 401, 402.

If the court finds that the rule has been violated, it "may impose an appropriate sanction" on the party responsible for the violation. RCFC 11(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct," and "may include" payment of reasonable attorneys' fees resulting from the violation. RCFC 11(c)(4). The court may also issue sanctions based on its inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Part of that inherent power is the power to "assess attorney's fees against counsel." Id. at 45 (citations and quotations omitted); see also id. at 45-46 (discussing the circumstances under which attorneys' fees may be imposed).

III.     Analysis

In its response to the court's show cause order, plaintiff states that "there was no intention to advance any such misstatement," and asserts that its statements had "solid support when evaluated on the 'objectively reasonable basis' of RCFC 11." ECF No. 221 at 7 (quoting Brooker v. United States, 107 Fed. Cl. 52, 57 (2012)). Plaintiff argues that "it relied on Mr. Klenk's own testimony in advancing its position," id. at 1-2, and that Mr. Klenk's testimony, "combined with the fact that Klenk did not disclose any prior expert opinion or related experience on patent infringement damages when he was required to do so in his report, led counsel for [plaintiff] to conclude he had no relevant experience," id. at 4. According to plaintiff, Mr. Klenk's "own words do not state or imply" that his work "involved any aspect of determination of patent damages," id. at 3, and plaintiff "set out to highlight" the difference between Mr. Klenk's words about his experience and defendant's assertions in its brief, id. at 8. Plaintiff also asserts that it cited the Tektronix and Boeing cases, not as decisions that applied the established royalty framework, but "for the proposition that they are leading cases from this Court that establish that where applicable, the Established Royalty framework is the preferred method to calculate damages due to patent infringement." Id. at 5.

Defendant replies that many of plaintiff's statements "are not factually supported by the record" and therefore do not meet the RCFC 11 standard. ECF No. 223 at 2. Defendant argues that plaintiff's statements about Mr. Klenk's experience "were not limited to contentions that Mr. Klenk lacked experience testifying on patent damages," but were more expansive and asserted that Mr. Klenk lacked experience with respect to patent damages generally. Id. at 3. Defendant further asserts that plaintiff had "access to information regarding Mr. Klenk's experience assessing patent damages when it filed its motion." Id. at 5. Defendant points out that plaintiff had access to Mr. Klenk's resume, which included several items demonstrating his patent damages experience, his expert report, which included some information about his experience with patent damages, and publicly available sources showing Mr. Klenk's experience, including his biography on the website of his firm and his LinkedIn profile. See id. (citing ECF No. 202-1 at 2-3).

4

Defendant further notes that Mr. Klenk's declaration, filed with its response to plaintiff's motion, specifically stated that he "ha[s] been responsible for developing damages models," in patent cases and "clearly establishes" Mr. Klenk's role in patent damages cases. Id. at 6 (internal quotation marks and citation omitted).

In the court's view, plaintiff's statements about Mr. Klenk's qualifications violate RCFC 11's exhortation that factual contentions brought before the court have evidentiary support. See RCFC 11(b)(3). The court agrees with defendant that the facts related to Mr. Klenk's background were available to plaintiff prior to its submission of its motion in limine. Not only did plaintiff have access to Mr. Klenk's resume, firm biography, LinkedIn profile, and the professional experience section of his expert report, plaintiff had also already deposed Mr. Klenk and had the opportunity to explore any questions it had about Mr. Klenk's precise experience at that time. Plaintiff's assertion that it relied on Mr. Klenk's own testimony to conclude that he "has never before crafted an opinion involving patent damages and has no background education or experience with respect to patent damages," ECF No. 186 at 2, and that he "has simply never ever done this, he has never authored a report on the appropriate measure of patent infringement damages, in his life," ECF No. 211 at 12, is insufficient. By making these statements, plaintiff went beyond merely "highlight[ing] that difference," ECF No. 221 at 8, between Mr. Klenk's testimony and defendant's statements about him, and entered the realm of mischaracterizing the facts. Plaintiff cannot demonstrate that its contentions had evidentiary support as required by RCFC 11(b)(3); therefore, the court finds that plaintiff violated the rule.

In its response, plaintiff did not address the court's concern regarding plaintiff's representations that Mr. Klenk's report was unresponsive to its expert's report. See generally ECF No. 221. In its show cause order, the court noted that "Mr. Klenk's fifty-eight page report contained numerous references to plaintiff's expert's report, a ten page section dedicated to reviewing that report, and another twenty-one pages dedicated to analysis." ECF No. 218 at 7 (citing ECF No. 186-1). Plaintiff has not provided any explanation or evidence that its contention had evidentiary support when it made the argument. Given the extensive references to plaintiff's expert's report in Mr. Klenk's report and lack of explanation or evidence from plaintiff, the court finds that this contention also violated RCFC 11(b)(3).

Finally, plaintiff's characterization of the caselaw regarding its preferred damages framework strains credulity, but is not clearly implausible. In its motion in limine, plaintiff asserted that its expert "identified leading cases that set forth with specificity the situations and factors to consider in applying" the established royalty framework on which plaintiff relies. ECF No. 186 at 12. In its response to the show cause order, plaintiff stated that "[i]t cited those cases for the proposition that they are leading cases from this Court that establish that where applicable, the Established Royalty framework is the preferred method to calculate damages due to patent infringement." ECF No. 221

5

at 5. Plaintiff's assertion in its motion in limine does not appear to the court to be entirely supported by the caselaw. And while its explanation for that assertion in its response to the show cause order is more in line with the caselaw, it appears to be somewhat different than the assertion in its motion. Rule 11 requires that "legal contentions are warranted by existing law." RCFC 11(b)(2). In the court's view, counsel's explanation of its citation to Tektronix and Boeing is, at best, troubling and suggests a lack of candor with the court regarding the caselaw, but does not rise to the level of a violation of the rule.

The court finds that plaintiff's counsel's violations of RCFC 11(b)(3) warrant sanctions. Here, an appropriate sanction—that is "limited to what suffices to deter repetition of the conduct"—is the payment of the attorneys' fees generated in both the drafting of, and the responding to, the motion in limine. RCFC 11(c)(4); see also Chambers, 501 U.S. at 43-46. Thus, the court will require plaintiff's counsel to personally bear their own fees incurred in drafting the briefing for the motion in limine as well as the reasonable fees generated by defendant's counsel in responding to the motion in limine. Plaintiff's counsel must also send a copy of this opinion and order to plaintiff.

IV.  Conclusion

Accordingly, for the foregoing reasons:

(1) Plaintiff's counsel is hereby **SANCTIONED** for violation of RCFC 11(b)(3) and ordered to personally **PAY** all of the attorneys' fees generated by the briefing of its motion in limine to preclude testimony by Mr. Jeffrey Klenk, ECF No. 186;

(2) On or before **October 29, 2021**, plaintiff's counsel is directed to **FILE** a **notice** certifying that he has delivered to plaintiff a copy of this opinion and order;

(3) On or before **November 17, 2021**, defendant is directed to **SERVE** a **notice** on plaintiff with an accounting of its hours spent responding to plaintiff's motion in limine, ECF No. 186, and with the name and address of the government representative to whom plaintiff should direct its payment;

(4) On or before **November 24, 2021**, the parties shall **FILE** a **joint status report** providing the court an accounting of both parties' attorneys' fees to be paid by plaintiff's counsel, informing the court whether any briefing thereon is necessary, and, if so, proposing an agreed-upon schedule for such briefing; and

(5)  On or before **November 24, 2021**, the parties are directed to **CONFER** and **FILE** a **notice** stating whether any redactions are required before the court makes this opinion publicly available, and if so, attaching an agreed-upon proposed redacted version of the opinion.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge
